No. 27,316.

The State of Kansas, *Appellee*, v. Fred McClure, *Appellant*.

(265 Pac. 1099.)

SYLLABUS BY THE COURT.

1. Robbery—*Evidence.* No error in the admission or exclusion of evidence has been shown.

2. Criminal Law—*Appeal—Requested Instruction Not Shown in Abstract.* Error cannot be based on the refusal of the court to give a requested instruction not shown in the abstract.

3. Robbery—*Instructions—Nature of Offense.* There was no error in the instructions concerning the nature of the offense for which the defendant was being tried.

4. Same — *Instructions — Evidence of Good Character — Alibi — Reasonable Doubt.* There was no error in the instructions concerning the evidence of the good character of the defendant, concerning his absence from the place of the commission of the offense at the time of its commission, and concerning reasonable doubt.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed April 7, 1928. Affirmed.

*Roy R. Hubbard*, of Kansas City, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, *Arthur J. Mellott*, county attorney, and *H. J. Emerson*, deputy county attorney, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The defendant appeals from a conviction of robbery in the first degree.

1. Seven different complaints are made concerning the admission and exclusion of evidence. All have been examined. No good purpose will be served by discussing them at length. There is no merit in any of them.

2. The defendant says that "the court erred in refusal of instructions asked for by the appellant." No requested instruction is set out in the abstract. For that reason, the court cannot say there was error in refusing to give requested instructions.

3. It is contended that "the court erred in giving instructions on material matters of law." Part of the instructions read as follows:

"The material allegations of the information charging robbery in the first degree, are in substance as follows:

Criminal Law, 16 C. J. pp. 977 n. 52, 980 n. 87, 990 n. 3; 17 C. J. p. 174 n. 59. Robbery, 34 Cyc. pp. 1806 n. 67, 1807 n. 70, 1810 n. 90.

State v. McClure.

"(1) That in Wyandotte county, Kansas, on or about the 17th day of December, 1925, the defendant did make an assault upon one W. H. Nelson;

"(2) That such assault was made with the intent on the part of the defendant to rob said W. H. Nelson;

"(3) That the defendant, in the presence and against the will of said W. H. Nelson, by putting him in fear of some immediate injury to his person, did steal, take and carry away the property mentioned in the information, or any part thereof, being the property of said W. H. Nelson and not the property of the defendant.

"Therefore, unless you find from the evidence beyond a reasonable doubt that each and all of these material allegations have been proven, you cannot find the defendant guilty of robbery. However, if you do find from the evidence that these material allegations have been proven beyond a reasonable doubt, it will be your duty to find the defendant guilty of robbery in the first degree, as charged in the information.

"An assault is an attempt, with force or violence, to do bodily injury to another within reach, and may consist of any act tending to such injury, accompanied by circumstances denoting an intent coupled with the present ability to commit such injury."

The defendant says:

"It is not contended that it is necessary that a weapon of any kind be used to commit robbery in the first degree; but when an allegation is made that a revolving pistol, not a German Luger automatic gun like Foot-and-a-Half Butler carried at the time of appellant's arrest, was used by appellant to commit the crime against Mr. Nelson, it is contended that the charge should be proven as laid, and the trial judge committed prejudicial error when he instructed the jury in No. 1 that the material allegation was an assault only."

The abstract does not set out the information filed against the defendant. He says that on "January 18, 1926, stereotyped information charging Robert E. Murphy, Fred McClure (appellant) and John Doe with robbery in the first degree against W. H. Nelson, in which he lost money and other personal property valued at $1,625, was filed by the county attorney of Wyandotte county, Kansas."

The defendant, when he says "the trial judge committed prejudicial error when he instructed the jury in No. 1 that the material allegation was an assault only," misreads the instruction.

4. Complaint is made of the following instructions given by the court:

"The defendant relies upon the defense known in law as an alibi, which is in substance that he was not present at the scene of the alleged crime at the time it was committed, and as to this defense you are instructed that the defendant is not required to prove by the preponderance of the evidence or beyond a reasonable doubt that he was not present at said time and place;

but before he can be convicted it must be proven by the evidence to your satisfaction beyond a reasonable doubt that he was present at said time and place and actually committed the offense charged in the information.

"Evidence has been introduced by the defendant relating to his character and reputation for good citizenship; and as to this you are instructed that you should consider such testimony, together with all other testimony in the case, in determining the guilt or innocence of the defendant; but even if you find from the evidence that prior to the time of the alleged robbery the defendant's character or reputation for good citizenship was good, this would not constitute a defense if he committed the acts constituting the crime charged in the information."

These instructions should be read in connection with the one which immediately preceded them. That instruction read as follows:

"In this case, as in all criminal cases, it is necessary that each and every one of the twelve jurors be satisfied by the evidence beyond a reasonable doubt of the guilt of the defendant before a verdict of guilty can be returned against him; and if each and all of the jurors entertain a reasonable doubt as to the guilt of the defendant, you will return a verdict of not guilty."

When these instructions are read together it will be seen that they sufficiently stated to the jury that if, after having considered the evidence concerning the absence of the defendant from the place of the crime at the time of its commission and the evidence of his good character, there was no reasonable doubt of the guilt of the defendant, he might be convicted. He was given the full benefit of his evidence on these two subjects.

Other matters are presented as follows:

"That the verdict, judgment and sentence were procured by corruption of representatives of the state of Kansas.

"That the evidence . . . did not prove that he was guilty beyond a reasonable doubt.

.   .   .   .   .   .   .   .   .   .   .   .   .

"The court erred in refusing to grant appellant a new trial. . .

"The court erred in passing an unlawful sentence upon appellant."

There is no valid basis for either of these contentions.

The judgment is affirmed.